**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| George Cleveland Gill, Jr., | No. CV-18-00617-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Unknown Parties, et al., | |
| Defendants. | |

Defendants Clark and Kohls filed a Motion for Summary Judgment (Doc. 16) and Statement of Facts in Support of Motion for Summary Judgment (Doc. 17) on May 31, 2019. In a filing docketed June 4, 2019, incarcerated pro se Plaintiff Gill provided notice of an updated address. (Doc. 18.) The Court ordered Plaintiff to respond to the Defendants' Motion for Summary Judgment on or before July 15, 2019. (Doc. 19.) After no response was timely filed, Defendants moved for entry of summary judgment. (Doc. 21.)

In a filing docketed August 12, 2019, Plaintiff provided notice that he again had an updated address: Lewis-Stiner Unit Blue 2-B-8L, P.O. Box 3100, Buckeye, Arizona 85326. (Doc. 22.) The Plaintiff also informed the Court that he intends to "re-file a motion to plea for counsel" and also to "ask for a continuance on all proceedings concerning this case, once I have access to the resources necessary to do such." (*Id.*) Plaintiff also avers that he has "been denied access to such resources as: law library, copie[sic] machines, mailing envelopes, postal service for legal mail, paralegal assistance, and even pens or pencils until now." (*Id.*) The Plaintiff also indicates that "this denied access has been for approx. 2

months" and that he "plan[s] to show evidence of this as soon as [he is] able." (*Id.*) The Plaintiff's filing (Doc. 22) did not acknowledge or address the pending Motion for Summary Judgment (Doc. 18).

At the outset, the Court notes that Defendants' Motion for Entry of Summary Judgment (Doc. 21) appears to assume that summary judgment can be entered by default. This is not the case. Even if no response to a motion for summary judgment is filed, the Court must nonetheless reach the merits of the motion. *See Heineman v. Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013) (notwithstanding local rules, a court may not "deem a non-movant's failure to respond a complete abandonment of its opposition to summary judgment"); *see also* Fed. R. Civ. P. 56 Advisory Committee Notes (2010) ("[S]ummary judgment cannot be granted by default even if there is a complete failure to respond to the motion[.]")

Furthermore, the Court declines to review the merits of Defendants' Motion for Summary Judgment at this time. In the interests of justice, the Court will construe Plaintiff's most recent filing (Doc. 22) as a motion requesting permission for late-filing of the Plaintiff's response to Defendants' Motion for Summary Judgment (Doc. 18). *See Balistreri v. Pacifica Police Dept.,* 901 F.2d 696 (9th Cir. 1988) ("[P]ro se pleadings are liberally construed, particularly where civil rights claims are involved"), *overruled on other grounds*, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Federal Rules of Civil Procedure provide that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b). In determining whether neglect is excusable, the Court considers four factors: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir.2000) (citing *Pioneer Inv. Serv. Co. v. Brunswick Assocs.,* 507 U.S. 380, 395 (1993)). Although these factors are not exclusive, they "provide a framework with which to

determine whether missing a filing deadline constitutes 'excusable' neglect." *Briones v. Riviera Hotel & Casino,* 116 F.3d 379, 181 (9th Cir. 1997).

Here, the above-recited factors weigh in favor of a finding of excusable neglect. There is no indication that the Defendants would face any undue prejudice in having their Motion for Summary Judgment (Doc. 16) considered alongside responsive briefing. Although a finding of excusable neglect will delay resolution of Defendant's Motion for Summary Judgment, the delay is not substantial and there is no indication the delay will unduly prejudice Defendants. Furthermore, Plaintiff's reasons for the delay, namely that he has "been denied access to such resources as: law library, copie[sic] machines, mailing envelopes, postal service for legal mail, paralegal assistance, and even pens or pencils until now" (Doc. 22), weigh strongly in favor of a finding of excusable neglect. Finally, there is no indication that Plaintiff has acted in anything other than good faith.

In addition to the above factors, the Court also notes that Plaintiff has been twice moved between prisons during the pendency of Defendants' Motion for Summary Judgment (Doc. 16). In a filing docketed on June 4, 2019, Plaintiff gave notice that he had been moved to Arizona State Prison Yuma-Cheyenne (Doc. 18), and in a filing docketed August 12, 2019, Plaintiff gave notice that he has been moved to Arizona State Prison Complex Lewis, in Buckeye Arizona (Doc. 22.) Plaintiff's transfers weigh in favor of excusing his failure to timely file.

Based on these considerations, the Court finds good cause and excusable neglect for Plaintiff's failure to respond to Defendant's Motion for Summary Judgment (Doc. 16).

Accordingly,

**IT IS ORDERED** that Plaintiff's time to respond to Defendants' Motion for Summary Judgment (Doc. 16) is extended. Plaintiff shall respond to the Motion for Summary Judgment within **sixty (60) days** of the date this Order is filed.

**IT IS FURTHER ORDERED** that Defendants' Motion for Entry of Summary Judgment (Doc. 21) is **denied**.

. . . .

1    **IT IS FURTHER ORDERED** that the Clerk of Court shall mail to Plaintiff, at the
2    address provided at Doc. 22, a copy of this Order, the Court's June 17, 2019 Order (Doc.
3    19), Defendant's Motion for Summary Judgment (Doc. 16), and Defendant's Statement of
4    Facts in Support of Summary Judgment (Doc. 17).
5    Dated this 21st day of August, 2019.

_____
Honorable Rosemary Márquez
United States District Judge